IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HUBERT A. COCHRAN,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:09-cv-00204

LEA ANNE COFFMAN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Dismiss [Docket 10], pursuant to Rule 12(b)(1) and Rule 12(b)(6). For the reasons discussed below, this Motion is **DENIED**.

**I. Background**

On March 17, 2006, the instant defendants, Lea Anne and E. S. Coffman, filed suit in the Circuit Court of Kanawha County against their former broker and financial adviser, the instant plaintiff, Hubert A. Cochran, and his employer, the instant intervenor plaintiff, Wachovia Securities, LLC. *See Lea Anne Coffman et al. v. Hubert A. Cochran et al.*, Civil Action No. 06-C-502. By their complaint, the Coffmans alleged that Mr. Cochran unlawfully disclosed their financial information to Cathy Basham and her family.[1] The Coffmans contended that Mr. Cochran's unlawful disclosure violated West Virginia law, Code §32-2-204, and his securities contracts with the Coffmans, and that Mr. Cochran intentionally inflicted emotional distress upon the Coffmans. (Compl. [Docket 12,

---

[1] At the time of the alleged disclosure, Ms. Basham was pursuing a claim against the Coffmans from a vehicular accident; the claim has since settled.

Attach. 1, at 1–5].) Mr. Cochran filed a Motion for Summary Judgment asserting that the case was subject to mandatory arbitration, but his motion was denied by the Circuit Court of Kanawha County, on July 27, 2007.[2] (Order Den. Mots. Summ. J. [Docket 12, Attach. 1, at 16–21].) On June 25, 2008, the Supreme Court of Appeals of West Virginia denied Mr. Cochran's petition for a writ of prohibition to be directed against the ruling judge of the Circuit Court of Kanawha County. (Order [Docket 12, Attach. 1, at 22].)

On March 6, 2009, Mr. Cochran brought the pending action in the United States District Court for the Southern District of West Virginia, seeking enforcement of the arbitration clauses in his contracts with the Coffmans. (Compl. [Docket 1].) On March 19, 2009, the Circuit Court of Kanawha County stayed the state proceedings to allow this court to resolve the arbitration issue. On April 1, 2009, Wachovia Securities, LLC, sought leave to intervene as a plaintiff [Docket 5], which I granted on April 30, 2009 [Docket 9].

On May 11, 2009, the Coffmans filed the pending Motion to Dismiss, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Docket 10]. Wachovia Securities, LLC and Mr. Cochran filed responses [Docket 14 & 15]. The defendants' Motion to Dismiss is now ripe for review.

---

[2] It is unclear whether the Circuit Court of Kanawha County has ruled on the applicability of the arbitration clauses more than once. In support of their Motion to Dismiss, the defendants submitted an Order Denying Motions for Summary Judgment, signed by Judge James C. Stucky on July 27, 2007, and certified by a court clerk on July 30, 2007 [Docket 12, Attach. 1, at 16-21]. The defendants also submitted an Order Denying Motions to Enforce Arbitration Agreement, to Dismiss Proceedings or in the Alternative, to Stay Proceedings, which refers to a hearing held on May 26, 2006 [Docket 12, Attach. 1, at 13–15]. Both orders were presented by the defendants' attorney and signed by him; however, the Order Denying Motions was not signed by Judge Stucky, was not certified by any clerk, was not dated, and was not even signed by opposing counsel on the provided line.

**II. Discussion**

    A.  *Diversity of Citizenship* [3]

The defendants' first basis for dismissal is that this court lacks subject-matter jurisdiction over this dispute because the parties are not diverse. According to the defendants, "Charleston[, West Virginia] has been Cochran's home and his place of employment and most significantly was so when the underlying case was filed [by the Coffmans in state court]." (Mem. in Supp. of Mot. to Dismiss at 3.) Mr. Cochran alleges in his complaint that he is currently a resident of Florida. (Compl. ¶ 1.)

Once a party challenges a federal court's subject matter jurisdiction, "the district judge is not obliged to accept the plaintiff's allegations as true and may examine the evidence to the contrary and reach his or her own conclusions on the matter." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 at 188–98 (2004). Here, the court finds sufficient evidence of diversity. Mr. Cochran filed an affidavit stating that he currently resides in Fort Myers, Florida; that he has resided in Florida since January 10, 2009; that he has a Florida driver's license; and that he is registered to vote in Florida. (Resp. to Mot. to Dismiss, Ex. 1.) It is undisputed that the defendants reside in West Virginia.

Mr. Cochran's cause of action is found in the Federal Arbitration Act. *See* 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement of arbitration may petition the United States district court . . . for an order directing that

---

[3] The plaintiff's Federal Arbitration Act claim does not confer federal question jurisdiction, 9 U.S.C. § 4; *see also Vaden v. Discover Bank*, 129 S.Ct. 1262, 1271–72 (2009) (discussing federal jurisdiction under the Federal Arbitration Act), so either diversity jurisdiction or an independent basis of federal question jurisdiction is required.

such arbitration proceed in the manner provided for in such agreement."). Diversity for purposes of determining federal jurisdiction is determined at the time of filing of the federal complaint. *See, e.g., Rowland v. Patterson*, 882 F.2d 97 (4th Cir. 1989) (holding that diversity is determined by parties' residence at the time the federal action was filed, not when the state arbitration claim was filed). Mr. Cochran filed his federal complaint on March 6, 2009, almost two months after he claims to have become a citizen of Florida. (Compl.) Therefore, federal jurisdiction exists based on diversity of citizenship at the time Mr. Cochran filed his claim.

    B. *The Scope of the Arbitration Agreement*

The defendants also contend that Mr. Cochran has failed to state a claim for which relief may be granted. The defendants assert in their Motion, although they do not argue in their supporting Memorandum, that "[t]he underlying controversy between the parties is not within the purview of arbitration" and "Lee Ann Coffman has not signed an agreement to arbitrate with Wachovia." (Mot. to Dismiss at 1–2.) Mr. Cochran's complaint asserts that the Coffmans agreed to binding arbitration clauses, which apply to the claims at issue, and that Lee Ann Coffman signed binding arbitration agreements with Wachovia Securities, LLC. (Compl. ¶¶ 7–11; Compl. ¶ 8a, 8b, 8e, and 11.) To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mr. Cochran's complaint contain excerpts from and is accompanied by copies of the contracts at issue; his claim for relief is plausible on its face. (Compl., Attach. 1) Thus, dismissal on either of these grounds is improper.

C. *Abstention and Full Faith and Credit*

The defendants next contend that this court should abstain from deciding the instant action to avoid duplicative litigation, since a state court action is pending on the same claims. Moreover, the defendants argue that this court should accord credit to the previous decisions of the West Virginia state courts on this issue. (Mot. to Dismiss at 1.)

For the reasons explained below, this case implicates the *Rooker-Feldman* doctrine, collateral estoppel, and *Colorado River* abstention. The policies underlying these doctrines compel me to grant dismissal, but the law as it stands does not allow such an outcome. Accordingly, I must **DENY** the defendants' Motion.

I begin with the *Rooker-Feldman* doctrine, which recognizes that federal district courts are not authorized to exercise appellate jurisdiction over state court judgments. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002). The doctrine "is confined . . . to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is a jurisdictional matter that a court may raise *sua sponte*. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997). The basis of the doctrine is "a fundamental tenet in our system of federalism[:] with the exception of habeas cases, appellate review of state court decisions occurs first within the state appellate system and then in the United States Supreme Court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). If a litigant brings a federal action "which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court,'" then the action will be

barred under the *Rooker-Feldman* doctrine. *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)).

In *American Reliable Insurance Co. v. Stillwell*, the Fourth Circuit applied *Rooker-Feldman* to bar an action seeking "a federal court order requiring the arbitration of the Stillwells' state claims[–]precisely the same ruling denied . . . in state court." *Id.* at 317. The Fourth Circuit found that the "[a]ppellants' federal complaint sought, in substance if not in form, to reverse the state court's decision and send the Stillwells' claims to arbitration." *Id.*

Since *American Reliable* was decided in 2003, the Supreme Court has clarified the scope of the *Rooker-Feldman* doctrine. In *Exxon Mobil Corp.*, 544 U.S. at 284, the Court held that the doctrine was limited to cases in which "state-court losers" seek review and rejection of state court judgments rendered before federal district court proceedings have commenced. The Court explained:

> *Rooker* and *Feldman* exhibit the limited circumstances in which this Court's appellate jurisdiction over state court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority[.] In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of injury caused by the state-court judgement and seeking review and rejection of that judgment. Plaintiffs in both cases, alleging federal-question jurisdiction, called upon the District Court to overturn an injurious state-court judgment. Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction.

*Id.* at 291–92 (citations omitted).

Because the West Virginia state courts have issued no final, appealable judgment in this case, *Rooker-Feldman*, as explicated in *Exxon Mobil*, does not apply, and dismissal on *Rooker-Feldman*

grounds would be improper.[4]  This outcome obtains notwithstanding the fact that the policies undergirding *Rooker-Feldman* are threatened by the federal courts' retention of jurisdiction in this case.

Here, by retaining jurisdiction, I will be compelled to essentially review the West Virginia state court's decision that the arbitration clauses do not apply.  In the instant case, Mr. Cochran, in the parallel state court proceedings, "filed a Motion for Summary Judgment which asserts that the controversy is subject to mandatory arbitration."  (Ord. Den. Mots. Summ. J. at 1 [Docket 12, Attach. 1, at 16].)  The Circuit Court of Kanawha County denied the motion, finding that the Coffmans' claims "are not governed by the arbitration provision as written nor do they fall within such requirement to arbitrate."  (*Id.* at 6.)  Mr. Cochran sought relief from this decision by petitioning the Supreme Court of Appeals of West Virginia for a writ of prohibition; his petition was summarily denied.  (Ord. [Docket 12, Attach 1, at 22].)

Whether or not the Coffmans' claims are subject to arbitration is the only federal issue in this case.  The Circuit Court of Kanawha County, exercising its concurrent jurisdiction on this federal issue, *see, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1986),

---

[4] Under the First Circuit Court of Appeals' interpretation of *Rooker-Feldman*, dismissal would still be warranted:  "[I]f the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated, then the state proceedings have 'ended' within the meaning of *Rooker-Feldman* on the federal questions at issue." *Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 25 (1st Cir. 2005).  However, I cannot find that this intepretation is consistent with the plain language of the *Exxon Mobil* opinion.

I note also that *Rooker-Feldman* has historically been "[v]ariously intepreted in the lower courts" and has "sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law." *Exxon Mobil*, 544 U.S. at 283.  I decline the opportunity to continue this trend.

decided against Mr. Cochran, and the highest state court in West Virginia declined an opportunity to order reversal. Mr. Cochran's federal complaint, which seeks an order to compel arbitration, amounts to a petition for review of the previous state court orders.

I note also that dismissal is supported by the law and policies of both issue preclusion and the *Colorado River* abstention doctrine. Issue preclusion, also known as collateral estoppel, "is designed to foreclose relitigation of issues in a second suit which have actually been litigated in [an] earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." *Holloman v. Nationwide Mut. Ins. Co.*, 617 S.E.2d 816, 821 (W. Va. 2005) (citation and internal quotation marks omitted). "Where the prior proceeding that may make issue preclusion applicable is a state court proceeding, as here, the federal courts use the law of the state to determine if preclusion applies." *Ayers v. Cont'l Cas. Co.*, 2007 WL 1960613, *4 (N.D. W. Va. 2007) (citation omitted). In West Virginia, issue preclusion applies if four conditions are met:

> (1) the issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Arnold Agency v. W. Va. Lottery Comm'n*, 526 S.E.2d 814, 827 (W. Va. 1999) (citation and internal quotation marks omitted). Issue preclusion, however, is also not applicable here because there has been no "final adjudication on the merits." *Id*.

Also implicated by this case is the abstention doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).[5] "Under *Colorado River* abstention,

---

[5] The defendants cite *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287–88 (1995), and *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), for the proposition that a district (continued...)

a federal district court may abstain from exercising its jurisdiction in certain cases 'where a federal case duplicates contemporaneous state proceedings' and 'exceptional circumstances' related to the conservation of judicial resources and wise judicial administration 'clearly favor[ ] abstention.'" *E. Associated Coal Corp. v. Skaggs*, 272 F. Supp. 2d 595, 599 (S.D. W. Va. 2003) (quoting *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340–41 (4th Cir. 2002)). Under *Colorado River*, courts consider six factors to determine whether to abstain:

> (1) whether the subject matter of the litigation involves property where the first court may assume jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Vulcan Chem. Tech.,* 297 F.3d at 341 (citing *Moses H. Cone,* 460 U.S. at 19–27).

In this case, the fourth factor is particularly relevant. The Coffmans' state court claims have "been pending for over three years[; i]n contrast, the only progress in this federal action is the filing

---

[5](...continued)
court has "discretion to determine whether and when to entertain actions under the Declaratory Judgment Act any time a state court action is pending involving the same issues." (Mem. in Supp. of Mot. to Dismiss at 4.) The instant action, however, was brought pursuant to the Federal Arbitration Act. (Compl ¶¶ 5, 31–40.) Under this Act, when a party applies for an order directing arbitration, the federal district court lacks such discretion. 9 U.S.C. § 4 (directing that the district court "*shall* hear the parties" (emphasis added)); *compare with* 28 U.S.C. § 2201 (stating that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)). Thus, *Colorado River*, not *Wilton/Brillhart*, provides the applicable standard here. *See, e.g., Moses H. Cone,* 460 U.S. 1 (applying *Colorado River* to determine whether federal district court should decline to exercise jurisdiction to compel arbitration in light of pending state court action); *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332 (4th Cir. 2002) (same); *United Serv. Prot. Corp. v. Lowe*, 354 F. Supp. 2d 651 (S.D. W. Va. 2005) (same)*; see also Wilton,* 515 U.S. at 285 ("The . . . suggestion . . . that *Brillhart* might have application beyond the context of declaratory judgments was rejected by the Court in *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*" (citation omitted)).

of the motions presently under consideration." *E. Associated Coal Corp.*, 272 F. Supp.2d at 601 (finding grounds for *Colorado River* abstention under somewhat similar facts). Moreover, the state courts have already ruled on the central, and only, issue, raised by Mr. Cochran's federal complaint: whether the Coffmans' claims are properly subject to arbitration. However, I cannot find that these facts rise to the level of "exceptional circumstances" warranting abstention under *Colorado River*. *See, e.g., Colorado River*, 424 U.S. at 813 ("The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." (internal citation and quotation marks omitted)).

In sum, Mr. Cochran is essentially seeking to appeal the state court decision in federal court. But neither the *Rooker-Feldman* doctrine (as recently clarified by *Exxon Mobil*), West Virginia state law of collateral estoppel, nor the *Colorado River* abstention doctrine permit me to grant dismissal. With reluctance, I must **DENY** the defendant's motion.

### III. Conclusion

For the reasons discussed above, the court **DENIES** the defendants' Motion to Dismiss the Complaint [Docket 10]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 1, 2009

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge